**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

JAMEL CARLTON,  :
  :      **CIV. NO. 19-19613 (RMB-AMD)**
    PLAINTIFF,  :
  :
  v.  :      **OPINION**
  :
BALLYS'S PARK PLACE CASINO,  :
*et al.*,  :
  :
    DEFENDANT.  :

**BUMB, DISTRICT JUDGE**

Plaintiff Jamel Carlton, a pretrial detainee confined in Atlantic County Justice Facility, filed this civil rights action on November 1, 2019. (Compl., ECF No. 1). Instead of paying the filing fee, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1). 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy

> of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff has not submitted a certified copy of his prisoner trust account statement.

The Court will administratively terminate this action, subject to reopening if Plaintiff pays the $400.00 administrative and filing fees or timely submits a complete IFP application.[1] Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, See U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner proceeds without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, the complaint must be screened by the Court. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Pleadings that are filed *pro se* must be liberally construed by the Courts. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D.

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff, asserting jurisdiction under 42 U.S.C. § 1983, has filed suit against Bally's Park Place Casino ("Bally's"), the Atlantic County Prosecutor's Office, Detective F. Holmes, the State of New Jersey, and the Atlantic County Public Defender's Office. Plaintiff seeks to hold Bally's responsible for the acts of its employees in assisting the Atlantic County Prosecutor's Office with an investigation of prostitution, which led to Plaintiff's arrest. (Compl., ECF No. 1 at 5.) Specifically, Plaintiff alleges Bally's employees helped the victims stage the crime scene, failed to provide the Public Defender's Office with correct information about employees' conduct of soliciting sex or having sex with a guest, and withheld phone records and other evidence that could prove Plaintiff's innocence. (Id. at 6.)

As to the Atlantic County Prosecutor's Office, Plaintiff alleges it withheld evidence of "body cam footage," and is "using excludable time as a tool to stop true justice from prevailing." (Id.) Plaintiff maintains there is no basis to hold him, and yet the Atlantic County Prosecutor's Office refuses to dismiss the charges. (Id. at 7.)

Plaintiff takes issue specifically against Detective F. Holmes of the Atlantic County Prosecutor's Office, alleging he failed to follow guidelines for investigating a crime; failed to

investigate "the several rooms that was used before his arrival;" overlooked room key documents that would exonerate Plaintiff; and allowed the victim's husband to participate in an interview and provide his opinion concerning the victim's statements, which Plaintiff alleges were untruthful. (Compl., ECF No. 1 at 7, 10, 11.)

Additionally, Plaintiff brings claims against the Atlantic County Public Defender's Office, based on the conduct of Kevin Moses, the public defender first assigned to represent Plaintiff. Plaintiff alleges Moses failed to follow Plaintiff's directions on investigating the case and filing motions. (Id. at 11.)

Finally, Plaintiff named the State of New Jersey as a defendant because he believes that he is entitled to release on bail under New Jersey's bail reform law. (Id. at 10.) For relief, Plaintiff seeks to hold the defendants financially liable. (Id. at 16.)

### B. Claims Under 42 U.S.C. § 1983

Plaintiff alleges violation of his constitutional rights under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### 1. Whether Bally's acted under color of state law

To bring a claim against Bally's under § 1983, plaintiff must establish that Bally's was acting under color of state law. To show that a seemingly private actor was acting under color of state law, a plaintiff must allege facts that show "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). State action may be found under three broad tests:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

Kach, 589 F.3d at 646 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995) (other alterations, internal quotation marks and citations omitted in Kach).

Plaintiff alleges Bally's cooperated with the investigation of prostitution related charges by the Atlantic County Prosecutor's Office, and in doing so, it fabricated evidence and withheld evidence that would exonerate Plaintiff. Cooperation with an investigation alone is insufficient to treat Bally's conduct as an action of the State.

However, "private persons, jointly engaged with state officials in the prohibited action, are acting under 'color of state law' for purposes of [§ 1983]." Reitz v. Cty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997) (quoting United States v. Price, 383 U.S. 787, 794 (1966)). Plaintiff's allegations that Bally's cooperated with the prosecutor's office by fabricating evidence and withholding evidence that would exonerate Plaintiff are sufficient to allege state action by Bally's. Nonetheless, to state a § 1983 claim, Plaintiff must also allege sufficient facts to establish a constitutional violation. For the reasons discussed below, Plaintiff has failed to plead sufficient facts to state a Fourth Amendment false arrest, false imprisonment or malicious prosecution claim.

2. <u>Whether the Atlantic County Public Defender's Office acted under color of state law</u>

There is also a threshold issue concerning Plaintiff's § 1983 claim against the Atlantic County Public Defender's Office for violating his Sixth Amendment right to effective assistance of counsel. "'A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" <u>Gause v. Haile</u>, 559 F. App'x. 196, 198 (3d Cir. 2014) (quoting <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 325 (1981)). Further, local government bodies cannot be "held responsible for the acts of [their] employees under a theory of respondeat superior or vicarious liability." <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583 (3d Cir. 2003). Thus, if Plaintiff reopened this action, the Court would dismiss the claims against the Atlantic County Public Defender's Office.

3. <u>Eleventh Amendment Immunity</u>

Plaintiff has named the State of New Jersey as a defendant in this § 1983 action. The Eleventh Amendment "protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity[,] or the state waives its own immunity." <u>Thorpe v. New Jersey</u>, 246 F. App'x. 86, 87 (3d Cir. 2007) (citing <u>MCI Telecom. Corp v. Bell Atl.-Pa.</u>, 271 F.3d 491, 503-504 (3d Cir. 2001), <u>Edelman v. Jordan</u>, 415 U.S. 651, 663

9

(1974)). "Section 1983 does not abrogate states' immunity." Thorpe, 246 F. App'x at 87 (citing Quern v. Jordan, 440 U.S. 332, 340-41 (1979)). If Plaintiff reopened this action, the Court would dismiss with prejudice the § 1983 claims against the State of New Jersey.

Plaintiff also brings claims, which the Court construes as false arrest, false imprisonment and malicious prosecution claims under § 1983, against the Atlantic County Prosecutor's Office. When fulfilling their law enforcement and investigative roles, New Jersey county prosecutor's offices are state agencies not amenable to suit under § 1983. Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854-55 (3d Cir. 2014); Woodyard v. County of Essex, 514 F. App'x 177, 182 (3d Cir. 2013). Plaintiff's allegations against the Atlantic County Prosecutor's Office are based entirely on the Office's law enforcement and investigative roles. Therefore, if Plaintiff reopened this action, the Court would dismiss Plaintiff's claims against the Atlantic County Prosecutor's Office with prejudice.

    4.    <u>Fourth Amendment, False Arrest, False Imprisonment, and Malicious Prosecution Claims</u>

Plaintiff asserts claims against Detective F. Holmes of the Atlantic County Prosecutor's Office, based on his investigation of Plaintiff for the Atlantic County Prosecutor's Office. Such claims may be brought against Holmes only in his individual capacity. See

10

Hafer v. Melo, 502 U.S. 21, 25 (1991) (describing distinction between official capacity and personal capacity § 1983 claims). The Court construes the complaint as raising interrelated Fourth Amendment claims of false arrest, false imprisonment and malicious prosecution.

The elements of a Fourth Amendment false arrest claim are that there was an arrest made and it was made without probable cause. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir.1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)). The elements of a false imprisonment claim are that the plaintiff was detained and the detention was unlawful. Id. at 682-83 (3d. Cir. 2012). Detention is unlawful if the arrest was made without probable cause. Wallace v. Kato, 549 U.S. 384, 389 (2007); O'Connor v. City of Philadelphia, 233 F. App'x 161, 164 (3d Cir. 2007). Finally, the elements of a Fourth Amendment malicious prosecution claim are that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir.2007).

Wheeler v. Wheeler, 639 F. App'x 147, 149 (3d Cir. 2016)

Plaintiff alleges Detective F. Holmes was negligent in his investigation and withheld exonerating evidence. However, Plaintiff has not provided sufficient information for the Court to understand the basis for Plaintiff's arrest, including exactly what the charges were, who arrested him, whether there was an arrest warrant, and how the evidence against him failed to rise to the level of probable cause. The same analysis applies to Plaintiff's Fourth Amendment claims against Bally's for their cooperation with the Atlantic County Prosecutor's Office in the investigation. Plaintiff alleges exculpatory evidence was withheld and evidence was fabricated, but he has not described what was fabricated and how "body cam footage" and room key documents exonerate him.

If Plaintiff reopens this action, he should amend his complaint to avoid dismissal for the reasons discussed above. The facts supporting Plaintiff's claims must be contained in the complaint. The Court will not search exhibits attached to the complaint to identify claims that plaintiff has not explained in the complaint itself.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate order follows.

Date: April 6, 2020

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**